**Electronically Filed
Supreme Court
SCWC-22-0000690
22-JUN-2026
09:07 AM
Dkt. 38 OPC**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

KOA KAAKIMAKA,
Petitioner/Defendant-Appellant.

SCWC-22-0000690

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-22-0000690; CASE NO. 3CPC-21-0000224)

JUNE 22, 2026

CONCURRING OPINION BY GINOZA, J.

I respectfully concur.  The charged offense under

Hawai'i Revised Statutes (**HRS**) § 711-1110.9(1)(a) (2014), and the

appeals to the Intermediate Court of Appeals (**ICA**) and this

court, have resulted in varying opinions as to whether there was

sufficient evidence to support the conviction of Petitioner/ Defendant-Appellant Koa Kaakimaka (**Kaakimaka**).[1]  Like the majority, I conclude that the evidence in this case is insufficient because neither the iPhone used to videorecord the complaining witness (**CW**) nor Kaakimaka were within the bathroom where the CW was located.  To me, however, the plain language of HRS § 711-1110.9(1)(a) is ambiguous on this issue and is reasonably subject to different interpretations.  It is reference to statutes in pari materia that clarifies the legislative intent.

HRS § 711-1110.9(1)(a) states:

(1) A person commits the offense of violation of privacy in the first degree if, except in the execution of a public duty or as authorized by law:
(a) The person intentionally or knowingly installs or uses, or both, in any private place, without consent of the person or persons entitled to privacy therein, any device for observing, recording, amplifying, or

---

[1]  In the ICA's first Summary Disposition Order in this case, that court held the charge against Kaakimaka was deficient, but in a 2-1 split decided there was sufficient evidence to support his conviction and thus the case should be dismissed *without* prejudice.  State v. Kaakimaka, No. CAAP-22-0000690, 2025 WL 355165, at *2, *4-6 (Haw. App. Jan. 31, 2025) (SDO).  In the first appeal to this court, we accepted Plaintiff-Appellee State of Hawai'i's (**State**) petition to review whether the charge was sufficient, ruled that it was, and remanded the case to the ICA to address Kaakimaka's other issues on appeal.  State v. Kaakimaka, 156 Hawai'i 302, 308-09, 312-13, 574 P.3d 767, 773-74, 777-78 (2025).  Kaakimaka did not challenge the ICA's sufficiency of the evidence ruling and we mistakenly stated the issue had not been decided by the ICA.  On remand to the ICA, one of the issues addressed was Kaakimaka's argument that the Circuit Court erred by not instructing the jury that "[i]nstalled or used a device in a private place" meant the "physical intrusion within the boundary of a private place by the whole physical device or with any part of the physical device."  State v. Kaakimaka, No. CAAP-22-0000690, 2025 WL 2902720, at *2 (Haw. App. Oct. 13, 2025) (SDO) (internal quotation marks omitted).  The ICA rejected Kaakimaka's argument, id., and he now contests that ruling in this second appeal to our court.  Although raised in the context of jury instructions, Kaakimaka's petition requires us to now specify the requirements under HRS § 711-1110.9(1)(a) and we ordered supplemental briefing on the sufficiency of the evidence.

> broadcasting another person in a stage of undress or
> sexual activity in that place[.]

Plaintiff-Appellee State of Hawai'i's primary argument is that HRS § 711-1110.9(1)(a) covered circumstances where a person and device were physically outside the private place, but where the person intentionally or knowingly "uses" a device to observe, record, amplify or broadcast someone "in any private place." In my view, this interpretation cannot be ruled out based only on the plain language of the statute.

However, in assessing the legislative intent for HRS § 711-1110.9(1)(a), the statutory scheme for first degree violation of privacy under HRS § 711-1110.9 and second degree violation of privacy under HRS § 711-1111 (2014 & Supp. 2025) convinces me that the legislature intended the device or the perpetrator of a HRS § 711-1110.9(1)(a) offense to be within the private place.

When interpreting a statute:

> our foremost obligation is to ascertain and give effect to the intention of the legislature, which is obtained primarily from the language contained in the statute[s] themselves. Second, [l]aws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another.

State v. Yokota, 143 Hawai'i 200, 205, 426 P.3d 424, 429 (2018) (emphasis added); HRS § 1-16 (2009) ("Laws in pari materia, or upon the same subject matter, shall be construed with reference

3

to each other.  What is clear in one statute may be called in aid to explain what is doubtful in another.").

Like the majority, I find HRS § 711-1111(1)(b) and (e) particularly significant, which state:

> (1) A person commits the offense of violation of privacy in the second degree if, except in the execution of a public duty or as authorized by law, the person intentionally:
> . . .
>   (b) Peers or peeps into a window or other opening of a dwelling or other structure adapted for sojourn or overnight accommodations for the purpose of spying on the occupant thereof or invading the privacy of another person with a lewd or unlawful purpose, under circumstances in which a reasonable person in the dwelling or other structure would not expect to be observed;
> . . .
>   (e) Installs or uses outside a private place any device for hearing, recording, amplifying, or broadcasting sounds originating in that place which would not ordinarily be audible or comprehensible outside, without the consent of the person or persons entitled to privacy therein[.]

HRS § 711-1111(1)(b) addresses someone peering or peeping "into a window or other opening of a dwelling or other structure" and thus contemplates someone being outside and looking in.  Even more instructive, HRS § 711-1111(1)(e) expressly addresses when someone "[i]nstalls or uses outside a private place any device for hearing, recording, amplifying, or broadcasting sounds[.]" (Emphases added.)  Both HRS § 711-1111(1)(b) and (e) demonstrate how the legislature clearly articulated its intent when it meant to address situations where someone or a device is outside a structure or a "private place."

By construing HRS § 711-1110.9(1)(a) with reference to HRS § 711-1111(1)(b) and (e), the legislative intent is

4

clarified that under HRS § 711-1110.9(1)(a) the language "uses . . . in any private place" means that the device or the perpetrator be within the private place.

Here, there is no evidence that Kaakimaka or his iPhone were within the bathroom where the CW was located. I therefore conclude that the evidence in this case is insufficient to support his conviction under HRS § 711-1110.9(1)(a).

For these reasons, I respectfully concur.

/s/ Lisa M. Ginoza

Associate Justice